**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** JOSEPH D. CASEY

**DEFENDANTS** BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

**(b)** County of Residence of First Listed Plaintiff ___PHILADELPHIA___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 Foreign Nation | | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: FDCPA 15 USC § 1692

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No.

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE Nov. 9, 2015

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

APPENDIX F

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  8645 Steeple Drive, Philadelphia, PA  19128

Address of Defendant:  10 South LaSalle Street, Suite 2200, Chicago, IL 60603

Place of Accident, Incident or Transaction:  8645 Steeple Drive, Philadelphia, PA  19128

*Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)          Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number:_____ Judge_____ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
     (Please specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
     (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: _____     _____     _____
                              Attorney-at-Law                    Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court  except as noted above.

DATE:  Nov 9, 2015          _____          35047
CIV.609 (4/03)                 Attorney-at-Law                    Attorney I.D.

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOSEPH D. CASEY | : | CIVIL ACTION |
| v. | : | |
| | : | |
| BLATT, HASENMILLER, LIEBSKER & MOORE, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (      )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                                 (      )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (  X  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        (      )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management
by the court. (See reverse side of this form for a detailed explanation of special
management cases)                                                                            (      )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.           (      )

| | | |
|---|---|---|
| Nov 9, 2015 | _[signature]_ | Cary L. Flitter |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| 610-822-0782 | 610-667-0552 | cflitter@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH D. CASEY<br>8645 Steeple Drive<br>Philadelphia, PA 19128<br>     Plaintiff,<br><br>  vs.<br><br>BLATT, HASENMILLER, LEIBSKER &<br>MOORE, LLC<br>10 South LaSalle Street<br>Suite 2200<br>Chicago, IL 60603<br>     Defendant | CIVIL ACTION<br><br><br><br>NO. |

**COMPLAINT**

## I. INTRODUCTION

1. This is a lawsuit against a national debt collection law firm, "Blatt" for malicious prosecution and violation of the requirements of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. In November, 2014, Blatt sent an initial collection letter seeking $4,820.51 to Joseph Casey for a debt he did not incur and did not owe. Casey immediately disputed the debt in writing, advising Blatt it was not his. Rather than properly verify the debt as the FDCPA requires, Blatt sued Casey. After suit, Casey again advised Blatt that he owed no such debt. Rather than verify the debt, obtain proof or drop the case, Blatt continued to press the lawsuit in court. Only because Casey showed up at Court to defend himself on the day for trial did Blatt then deign to withdraw the case, although without prejudice.

3. The filing of the lawsuit after being put on written notice and the continued prosecution of the case which was later admitted to be baseless as to Casey was malicious and

violated the protective provisions of the FDCPA.

## II.   **JURISDICTION**

4.     Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5.     Venue is proper as Defendant regularly does business in this district and Plaintiff resides in this district.

## III.   **PARTIES**

6.     Plaintiff is Joseph D. Casey ("Plaintiff" or "Casey") is an adult individual and a consumer who resides in Philadelphia, Pennsylvania at the address captioned.

7.     Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Defendant" or "Blatt") is believed to be an Illinois limited liability company a principal place of business at the address captioned.

8.     Defendant regularly engages in the collection of consumer debts using the mails and telephone.

9.     Defendant regularly attempts to collect consumer debts alleged to be due another.

10.     Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   **STATEMENT OF CLAIM**

11.     On or about November 11, 2014, Defendant Blatt send an initial collection letter to Casey seeking to collect on a consumer debt that was allegedly due to Bank of America, N.A., as successor in interest to FIA Card Services.   A copy of the November 11, 2014 letter is attached hereto as Exhibit A (redacted in part per Fed. R. Civ. P. 5.2).

12.     The November 11, 2014 letter carried the validation notice provided by the FDCPA, 15 U.S.C. § 1692g.

13.     In response to the November 11, 2014 letter Casey wrote to Blatt on November 21, 2014. In that letter, Casey advised Blatt that he had received the November 11th demand letter on November 15, 2014, but that "I do not owe anyone anything. At the age of 74, I can state that I have paid all of my bills on time, every one of them. I never had a Bank of America or FIA [Card] Services account." Casey concluded "just so it is clear I dispute the existence of the debt that you wrote is mine. Please send all of the material I requested or that you stated you will provide within 30 days from the date of this letter."

14.     Casey's letter was mailed to Blatt, postage prepaid, on November 22, 2014.

15.     Blatt did not respond to the demand for verification nor provide the validation information requested and required under 15 U.S.C. § 1692g. Blatt did not respond to Casey's dispute in a timely manner, nor at any time thereafter.

16.     Instead, in January of 2015, Blatt commenced a civil suit against Casey in the Municipal Court of Philadelphia at Docket No. SC-15-01-29-6217.

17.     In pursuit of that lawsuit, Blatt caused a process server to come to Casey's house to serve Casey with legal process in the above Municipal Court matter.

18.     At the time of service, Casey advised the process server that while his name was Joseph Casey, he did not have any obligation whatever with the Bank of America.

19.     Casey then proceeded to obtain credit reports from the credit bureaus. The credit reports provided some objective information that there was no record of an overdue or defaulted Bank of America account in the name of Plaintiff Casey.

20.   On or about February 26, 2015, Casey sent into Municipal Court a Notice to Defend along with a request for a continuance.  The continuance request was granted and the hearing rescheduled for May 18, 2015 in the Philadelphia Municipal Court.

21.   After having received the credit report, Casey wrote a letter to Blatt's local attorney Syretta Martin.  In the May 4, 2015 letter, Casey included a copy of his earlier November 21, 2014 dispute letter.  Plaintiff reiterated that "I am not the Joseph Casey that is the subject of the referenced civil action.  Please obtain a positive identifier …"  A copy of that letter is attached hereto as Exhibit "B".

22.   Casey did not receive a response from Blatt in reply to his May 4, 2015 letter, either.

23.   On May 18, 2015, Casey appeared in Court per the Summons.  At that point in time, on the day of the scheduled trial, a Blatt attorney believed to be Christopher Allen Titus told Mr. Casey that Blatt had determined that someone else owed this money, not Casey, Plaintiff herein.  Casey asked the Blatt lawyer why this took six months to resolve, why his previous letters went unanswered and why he had to come to Court to see to it that a default judgment was not entered against him.

24.   Casey asked Blatt's lawyer to dismiss the case against him with prejudice.  Blatt's lawyer refused.

25.   Casey overheard Blatt's lawyer state that the "Joseph Casey we [Blatt] wanted is out of state" or words to that effect.  Casey stated that he preferred to have the case proceed to trial rather than have the case against him dismissed merely "without prejudice."  However, the Trial Commissioner did not require it, and the baseless collection suit against Casey was therefore marked on the docket as "withdrawn, without prejudice."

## COUNT I
## (FAIR DEBT COLLECTION PRACTICES ACT)

26.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

27.     Under the FDCPA, a debt collector must "cease collection of a debt" on the date it receives a consumer's request for verification "until the debt collector obtains verification of the debt." 15 U.S.C. § 1692g(b).  The collector is liable if it continues to collect on the debt until it provides an appropriate verification.

28.     Specifically, Blatt was barred from filing the instant Municipal Court lawsuit – and from any other collection activity – upon receipt of Casey's timely dispute letter and demand for verification.

29.     In filing the instant suit, and in continuing to prosecute the dispute despite repeated advice that Casey did not owe this debt in any manner, Blatt violated the Act's prohibition on misrepresentation of the character, status or amount of the debt, § 1692e(2).

30.     Blatt also violated the Act's prohibition on demanding any amount not due under contract or law.  15 U.S.C. § 1692f(1).

31.     As a result of Defendant's actions and this baseless suit being filed and continued, Casey has suffered embarrassment, aggravation, loss of time and emotional distress.

**WHEREFORE**, Plaintiff Joseph D. Casey demands judgment against Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC for:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Attorney's fees and costs; and

(d)      Such other and further relief as the Court shall deem just and proper.

**COUNT II**
**STATE LAW – MALICIOUS PROSECUTION/ABUSE OF PROCESS**

32.      Plaintiff repeats the allegations contained above as if the same were here set forth at length.

33.      The filing of the collection lawsuit and the proceeding of the matter to the day of trial was not warranted by fact or law.  On the facts, Plaintiff Casey did not have any debt or obligation whatsoever to Blatt's client Bank of America.  On the law, there was no contractual obligation and Blatt was barred by the FDCPA from further proceeding or filing suit until it verified the debt.  15 U.S.C. § 1692g(b).

34.      The collection lawsuit represented an improper and abuse of use of the state court process.

35.      Blatt had an improper purpose in both bringing the suit, after being put on notice and continuing to prosecute the suit until the day of trial, *i.e.*, to obtain judgment regardless of the legal liability.  The filing of the suit, taking of the matter to the day of trial, the refusal to respond to repeat written requests for proof or clarification reflects a flagrant disregard for the law and an abuse of process.

**WHEREFORE**, Plaintiff Joseph D. Casey demands judgment against Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC for:

(a)      Actual damages;

(b)      Statutory damages;

(c)      Attorney's fees and costs; and

(d)      Such other and further relief as the Court shall deem just and proper.

V.   **JURY DEMAND**

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted:

DATE:   _Nov 11, 2015_

_____
CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

# EXHIBIT "A"

Law Offices
# Blatt, Hasenmiller, Leibsker & Moore LLC
10 South LaSalle St. * Suite 2200 * Chicago, Illinois 60603-1069
Phone 1-855-240-0826 * Fax 312-277-3809

11-11-14

JOSEPH D CASEY
8645 STEEPLE DR
PHILADELPHIA PA 19128

||| | ||| |||||||||||||||| ||| |||||||||||| |||||||||||| |||

⬛⬛⬛⬛⬛6022

RE:  Creditor:        BANK OF AMERICA, N.A.
     Customer:        JOSEPH D CASEY
     Balance Owed:    $4820.51
     Previous Acct. #:  XXXXXXXXXXXX7604
     Current Acct. #:   XXXXXXXXXXXX6819

Dear JOSEPH D CASEY:

Our law firm has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above-referenced account. Please be advised that the Bank intends to invoke its right to file a lawsuit against you.

If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail such verification or judgment to you. Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.

Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.

This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Blatt, Hasenmiller, Leibsker & Moore, LLC

This account is issued and administered by Bank of America, N.A., successor in interest to FIA Card Services, N.A.



⬛⬛6022   ⬛⬛⬛⬛⬛⬛⬛⬛⬛)

||| ||||||| |||| ||||| ||| ||||| |||||| ||| |||| ||||| ||||

| Illinois | Indiana | Michigan | Arizona | Pennsylvania |

# EXHIBIT "B"

05/04/2015 16:15 FAX                    TU CRIMINAL JUSTICE                              ☒001

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************


        TRANSMISSION OK

        TX/RX NO              0029
        CONNECTION TEL                  912155643818
        CONNECTION ID
        ST. TIME              05/04 16:15
        USAGE T               00'25
        PGS. SENT             2
        RESULT                OK
```

JOSEPH D. CASEY
8645 STEEPLE DRIVE
PHILADELPHIA, PENNSYLVANIA 19128
MAY 4, 2015

Syretta J. Martin
1835 Market Street Suite 501
Philadelphia, PA 19103

Re: SC-15-01-29-6217

Dear Attorney Martin:

I am sending you a copy of a letter dated November 21, 2014 that I sent to your company's office in Illinois. I am not the Joseph Casey that is the subject of the referenced civil action. Please obtain a positive identifier (date of birth, social security number, or both) from your client, write to me advising that you have the information, and I will meet with you before the court date to conclusively show you that you caused a complaint to be served on the wrong Joseph Casey. This will save the Court valuable time. If you choose not to do this, ensure that you bring to Court the contract, including signature, and the date of birth and the social security number of the person who you claim owes this debt.

Please don't ignore this letter as you did to the letter dated February 14, 2015 I sent you concerning your failure to comply with the proper procedure in your failure to provide a self-addressed and stamped envelope with a copy of the complaint.

Very truly yours,

Joseph D. Casey

JDC/ms